## INDUSTRIAL BANKERS OF AMERICA, Inc., v. UNITED STATES.
### No. M—417.

Court of Claims.
Jan. 9, 1933.

Jackson R. Collins, of New York City, for plaintiff.

Ralph C. Williamson and Charles F. Kincheloe, both of Washington, D. C., for defendant.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

This suit was instituted to recover $546.-46, with interest, alleged overpayment of income tax for 1928.

Plaintiff was incorporated under the laws of Delaware and on June 1, 1928, acquired control of the Hart Loan Society, a Delaware corporation. The last-mentioned company sustained a net loss of $9,516.99 for the calendar year 1926 and had a net income of $2,696.93 for the calendar year 1927 and a net income of $3,340.83 for the period January 1 to May 31, 1928, prior to its affiliation with plaintiff.

The Hart Loan Society applied $1,622.33 of the 1926 net loss against its net income for 1927 remaining after deducting $1,074.60 for net loss for the calendar year 1925, and applied the total of its net income for the period January 1 to May 31, 1928, against said net loss for 1926, leaving unabsorbed $4,553.-83 of the 1926 net loss. For the taxable period June 1 to December 31, 1928, the income of the Hart Loan Society was included in a consolidated return with the plaintiff, which return showed a net loss of $7,003.54 which included a deduction of $4,553.83, the unabsorbed portion of the 1926 net loss of the Hart Loan Society. The Hart Loan Society had no income for the period ending December 31, 1928, for which the consolidated return was filed. The Commissioner of Internal Revenue refused to allow the plaintiff the deduction of $4,553.83, net loss of the Hart Loan Society for 1926, and determined an additional tax of $1,719.46. Had the loss of $4,553.83 of the Hart Loan Society for 1926 been allowed as a deduction in the consolidated return filed by the plaintiff, the additional tax for the period ending December 31, 1928, would have been $1,173, or $546.46 less than was assessed and collected. Plaintiff duly filed a claim for refund which the commissioner disallowed.

Plaintiff's cause of action is based on the contention that a corporation having a loss prior to the date of becoming affiliated with another corporation is entitled to have the amount of said loss deducted in arriving at the net income under a consolidated return for a period after the affiliation date, even though the corporation having the prior net loss had no income in the period for which the consolidated return was filed, which period, in this case, was in 1928. We are of opinion that the allegations of the petition do not state a cause of action against the United States, and that under Woolford Realty Co., Inc., v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128, Prosperity Co., Inc., 27 B. T. A. 28, and Crossett Western Co., 27 B. T. A. 258, decided December 8, 1932, the plaintiff is not entitled to recover. The demurrer is sustained and the petition is dismissed. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.